# IN THE COURT OF APPEALS OF IOWA

No. 14-0616
Filed November 26, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CHRISTOPHER M. KELLY,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Christopher Kelly appeals his conviction for credit card forgery as an habitual offender. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brian Williams, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Christopher Kelly appeals his conviction arising out of his guilty plea to credit card forgery as an habitual offender, in violation of Iowa Code sections 715A.6, 902.8, and 902.9 (2011). Kelly asserts the district court abused its discretion when it denied his motion to substitute counsel and motion in arrest of judgment. We conclude the court properly denied Kelly's motion to substitute and, due to the evidence demonstrating Kelly's plea was entered into voluntarily, the court also correctly denied Kelly's motion in arrest of judgment. Consequently, we affirm.

**I. Factual and Procedural Background**

On December 13, 2012, Kelly was charged with credit card forgery, a count that was amended on August 28, 2013, to include the habitual offender status, in violation of Iowa Code sections 715A.6, 902.8, and 902.9. A plea hearing was set for May 20, 2013, for which Kelly failed to appear. Another hearing was scheduled for July 29, 2013, at which Kelly also failed to appear. A warrant was issued for his arrest.

On August 28, 2013, Kelly entered a guilty plea to the charge of credit card forgery as an habitual offender, with the State's agreement to lift the warrant. Kelly filed a motion in arrest of judgment on October 7, 2013, which was resisted by the State. A sentencing date was set for November 4, 2013, for which Kelly again failed to appear, and after which an arrest warrant was again issued. The sentencing date was reset to April 7, 2014, and Kelly appeared with counsel, arguing in support of his motion in arrest of judgment and his March 26, 2014 pro se motion for substitute counsel. The district court denied both motions

and sentenced Kelly to a term of incarceration not to exceed fifteen years. Kelly appeals.

## II. Motion to Substitute Counsel

Kelly first claims the district court erred in summarily denying his motion to substitute counsel. Specifically, Kelly alleges the court should have made a more detailed record regarding his asserted breakdown in the attorney-client relationship.

We review the grant or denial of a motion to substitute counsel for an abuse of discretion. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). To establish the court abused its discretion, Kelly must show the court based its decision "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

The Sixth Amendment right to counsel does not guarantee a "meaningful relationship between an accused and his counsel." *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 14 (1983)). To justify the appointment of substitute counsel, a defendant must show sufficient cause, which includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between counsel and the defendant. *Id.* at 778–79.

In deciding whether to grant a request for substitute counsel, the district court must balance "the defendant's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Id.* at 779 (internal citation omitted). The court should not allow "last-minute requests to substitute counsel . . . to become a tactic for delay." *Id.* (internal citation omitted).

Ordinarily, a defendant must show prejudice when the court denies a motion for substitute counsel "unless [the defendant] has been denied counsel or counsel has a conflict of interest." *Id.* Because Kelly does not assert either ground, he must show prejudice. *See id.*

At the sentencing hearing, regarding Kelly's request for substitute counsel, the following exchange occurred:

> [Defense Counsel]: After discussing the matter with Mr. Kelly and it—specifically the letter he filed on March 26th asking for new counsel, he is at this time asking that the court appoint new counsel for him.
> I do support that request, Your Honor. There is an issue of trust between counsel and Mr. Kelly and without the bottom line mutual trust, it is very hard to repair the attorney-client relationship.
> . . . .
> The Court: It looks like the motion in arrest of judgment was filed in October of 2013. That was set for hearing on November 4th. On that date the defendant didn't appear. A warrant was issued. The matter was reset then. Defendant was arrested on March 20th. The matter was reset for today's date.
> [Defense counsel], are you ready—are you willing to or able to represent Mr. Kelly at this time on any legal issue?
> [Defense Counsel]: I don't believe so, Your Honor, given the fact that—that the attorney-client relationship has been destroyed quite frankly.
> The Court: Well, it appears that it has been destroyed because Mr. Kelly didn't appear for his hearing, and this matter was in warrant from November of 2013 until March of this year; is that correct?
> [Defense Counsel]: Yes. That would be accurate, Your Honor.

The State, after pointing out the multiple delays due to Kelly's failure to appear, argued that Kelly's motion was yet another delaying tactic. It further noted Kelly stated on the record at his plea hearing that he was satisfied with the services of his attorney. After allowing Kelly an opportunity to respond—which he

declined—the district court denied the motion to substitute counsel without further inquiry.

Given this record, the district court did not abuse its discretion in denying Kelly's motion to substitute counsel. There were multiple delays of the proceeding due to Kelly's own actions, and nothing in the plea record indicated a need for substitute counsel. Taking into account the public's interest in the efficient administration of justice, Kelly was not entitled to yet another delay. *See State v. Webb*, 516 N.W.2d 824, 828 (Iowa 1994). Moreover, contrary to Kelly's assertion, a further hearing was not required, considering he alleged a breakdown in communication rather than a conflict of interest. *See State v. Watson*, 620 N.W.2d 233, 238 (Iowa 2000) (holding a further inquiry is required when a conflict of interest between counsel and the defendant has been alleged). Nor has Kelly made the requisite showing that he was prejudiced by the lack of substitute counsel. *See Lopez*, 633 N.W.2d at 779. Consequently, the district court properly denied Kelly's motion to substitute.

**III. Motion in Arrest of Judgment**

Kelly also argues the district court erred in denying his motion in arrest of judgment, asserting that his plea was entered into involuntarily. He claims that this was due in part to the breakdown in communication between himself and counsel.

We review rulings on a motion in arrest of judgment for an abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). The reviewing court will find an abuse of discretion when the basis for the district court's ruling was "untenable or to an extent clearly unreasonable." *State v. Craig*, 562

N.W.2d 633, 634 (Iowa 1997). A ruling "is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.*

At the sentencing hearing, the following exchange occurred between Kelly and his attorney:

> Q: Was your plea voluntary on August 28th? A: Yes.
> Q: It was your choice with no coercion? A: Well, no. It was coercion and threats, but that's why I took the plea because they told me if I didn't take the plea, that they were going to have me a warrant issued [sic], and I didn't—so I took the plea. I didn't feel it was right, but it was noting that I could do at that time.
> Q: Who was telling you to plead guilty? A: My counsel.
> Q: Who—are you speaking—you're referring to me? A: Correct.

This is the evidence on which Kelly relies in arguing his plea was involuntary. However, upon cross-examination, Kelly admitted he was given the opportunity to consult with counsel and indicated he was satisfied with counsel's performance at the plea hearing. This is supported by the record of the plea, in which the court engaged Kelly in the following colloquy:

> Q: Mr. Kelly, have you fully discussed your case with your lawyer and discussed any defenses that you might have to the charge? A: Yes.
> Q: Are you satisfied with your attorney's advice and the manner in which your case has been handled? A: Yes.
> Q: Is your decision to plead guilty the result of any threats, force, or anyone pressuring you to plead guilty? A: No.
> Q: Is your decision to plead guilty the result of any promises besides the terms of the plea agreement? A: No.
> Q: Is your decision to plead guilty voluntary? A: Yes.
> Q: Is it, in fact, your decision and not someone else's decision for you to plead guilty? A: Yes.

This record indicates Kelly's plea was entered into voluntarily. Kelly's bare assertion that counsel coerced him into pleading guilty is not enough to carry his

burden showing his plea was not voluntarily entered.  *See generally Smith*, 753 N.W.2d at 564 (noting the defendant bears the burden of showing his plea was involuntary).  Therefore, the district court properly denied Kelly's motion in arrest of judgment, and we affirm Kelly's conviction.

**AFFIRMED.**