# IN THE COURT OF APPEALS OF IOWA

No. 14-0391
Filed March 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSHUA MICHAEL STEWARD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.


A defendant challenges the denial of his motion in arrest of judgment seeking to withdraw his guilty plea. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Bell, Assistant County Attorney, for appellee.


Considered by Tabor, P.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

Joshua Steward challenges the district court's denial of his motion in arrest of judgment. He argues his guilty plea to eluding, a serious misdemeanor in violation of Iowa Code section 321.279 (2013), was "involuntary because his attorney misadvised him on the effect of going [to] trial and being found guilty." Because the district court did not abuse its discretion in refusing to arrest judgment based on the deficiencies in the plea process alleged by Steward, we affirm.

The State filed a trial information charging Steward with eluding on September 23, 2013. Attached to the trial information were minutes of testimony including the following facts supporting the eluding charge: Loud music coming from a GMC Yukon attracted the attention of two Des Moines police officers in the evening hours of August 16, 2013. When the officers turned around their patrol car, they saw Steward drive quickly away and run a stop sign. The officers activated their lights and sirens, but Steward initially failed to pull over. The police followed him several more blocks—watching him run a second stop sign— before Steward finally pulled over. Steward admitted he had not stopped because he did not have a driver's license.

On January 29, 2014, Steward entered a written guilty plea to the eluding charge. The plea included the language: "There have been no promises or threats to get me to plead guilty." To establish a factual basis for the plea, Steward handwrote the following on the plea form: "I failed to pull over after they activated their lights and sirens willfully and they were in marked cars and

uniforms in Polk County, IA." Steward waived his right to have the plea colloquy reported and signed the plea form. The court accepted the guilty plea and scheduled sentencing for February 21, 2014.

On February 14, 2014, Steward filed a motion in arrest of judgment under Iowa Rule of Criminal Procedure 2.24(3). The motion was a generic recitation of the criminal procedure rule, but Steward argued the involuntariness of his plea at the February 21 hearing. The district court denied Steward's motion and sentenced him to one year of incarceration with all but one hundred days suspended. Steward now appeals.

We review the denial of a motion in arrest of judgment for an abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). An abuse is only found where the trial court's decision was based on an untenable or unreasonable ground. *Id.*

Rule 2.24(3) requires a district court to grant a motion in arrest of judgment when "upon the whole record no legal judgment can be pronounced." An involuntary plea is one basis for granting a motion in arrest of judgment. *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998)

At the hearing on his motion in arrest of judgment, Steward argued he did not voluntarily enter his plea of guilty, claiming:

> I was under the impression that—I felt threatened. I was under the impression that if I didn't take the plea bargain that was on the table and I took it to trial; that if I lost, I was automatically going to get the maximum sentence. So I mean, I felt threatened. So I took the plea bargain—in all actuality I wanted to take it to trial that day.

Steward was represented by the Drake University legal clinic during both the guilty plea and motion in arrest of judgment proceedings. He claimed his original student attorney "stuck it in [his] head" that he would receive the maximum sentence if he took the case to trial. At one point during the motion-in-arrest-of-judgment hearing, Steward suggested the "threat" came from assistant county attorney Kevin Bell.

Steward told the district court:

[D]ue to the simple fact that I was threatened; saying if I didn't plead guilty, that I was going to get 365 days in jail. And I felt trapped and I had to do it. And 90 days in jail sounded so much better than 365 days in jail. And I felt trapped and I had to do it. I mean, it's the truth. I don't know of any other way to put it.

Robert Rigg, the supervising attorney for the clinic, clarified the record at the motion-in-arrest-of-judgment hearing: "there was extensive negotiations going back and forth throughout this period. We had made several offers to Mr. Bell. Mr. Bell had made several offers to us. We just didn't come to an agreement, so eventually it turned into a situation where it was an open plea and then argue sentencing." Assistant County Attorney Bell agreed negotiations were through counsel and the State did not make any threats or promises to Steward.

After hearing from the parties, the district court found:

[W]hat Mr. Steward is essentially telling the court is that he did not like the message that he was being given by his attorneys. He is not saying that the message given to him by his attorneys—in other words that he may be in greater jeopardy following a trial if convicted as opposed to taking a plea, some type of plea deal, it wasn't all inaccurate; it is just a message he didn't want to hear.

On appeal, Steward claims the court abused its discretion by mischaracterizing his claim—he contends his student attorney told him he would "automatically" receive the maximum sentence if he went to trial, rather than just informing him that he "may" be in greater jeopardy if he did not enter a guilty plea. He contends this faulty advice rendered his plea involuntary.[1]

We find no abuse of discretion in the district court's denial of the motion in arrest of judgment. The district court did not believe Steward's accusation that his student attorney conveyed inaccurate information to him about the relative risks of proceeding to trial and pleading guilty. The court found "no threats or promises were made to get Mr. Steward to plead guilty."

As was the case in *Speed*, the court's assessment that Steward's claim of coercion lacked credibility was supported by the record. *See Speed*, 573 N.W.2d at 597. Steward acknowledged he had signed the original plea form and that he told the plea-taking court he was not acting under any threat or promise. He also acknowledged that he told the plea-taking court everything on the plea form was true. At the motion-in-arrest-of-judgment hearing, Steward told the court he was satisfied with the representation of his new student attorney, who was also with the law school's legal clinic. We believe the district court adequately considered Steward's contentions and reasonably concluded he voluntarily entered his guilty plea to eluding.

**AFFIRMED.**

---

[1]Steward does not challenge the factual basis for his plea on appeal.