# IN THE COURT OF APPEALS OF IOWA

No. 15-0033
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CYNTHIA GAIL MCMANUS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


        The defendant challenges her conviction and sentence.  **REVERSED AND REMANDED.**


        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick, Assistant Attorneys General, Michael Jacobsen, County Attorney, and Kelly T. Bennett, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

The defendant Cynthia McManus challenges her conviction and sentence for possession of a controlled substance, marijuana. On appeal, she contends the district court abused its discretion in denying her motion in arrest of judgment. She also contends the sentencing order erroneously states she pleaded guilty to and was adjudged guilty of possession of marijuana, a second offense, rather than a first offense.

In February 2014, McManus was charged by trial information with possession of a controlled substance, marijuana, a second offense, and possession of a controlled substance, methamphetamine, a second offense. The State filed a supplemental trial information, changing both counts to first offenses, both in violation of Iowa Code section 124.401(5) (2013). In September 2014, the defendant entered a written guilty plea to possession of marijuana, first offense, with sentencing set for November 2014. Subsequently, the defendant timely filed a motion in arrest of judgment, claiming there was not a factual basis for her guilty plea. The district court denied the motion in arrest of judgment.

In December 2014, the district court entered its sentencing order. The sentencing order stated the defendant pleaded guilty to "Possession of Methamphetamine a Schedule II Controlled Substance, Second Offense, in violation of Iowa Code Section(s) 124.401(5), a Serious Misdemeanor." The district court sentenced McManus to 180 days' incarceration with all but ten days suspended. The State applied to correct the sentencing order, asserting the

correct charge was "Possession of Marijuana, a Schedule I controlled substance, Second Offense, in violation of Iowa Code Section 124.401(5)." The district court granted the application and entered an order nunc pro tunc. Subsequently, the district court entered a second order nunc pro tunc, dismissing the second count of the trial information. The defendant timely filed this appeal.

The defendant first challenges the district court's denial of her motion in arrest of judgment. We review the ruling on a motion in arrest of judgment for abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). An abuse of discretion occurs when the trial court exercises its discretion on clearly untenable or unreasonable grounds. *See id.* A ruling is untenable when the law is erroneously applied. *See id.* At hearing on the motion in arrest of judgment, the defendant argued the marijuana was not hers but instead belonged to her terminally-ill partner. However, the defendant acknowledged her written guilty plea in which she wrote she had marijuana in her possession. In her written guilty plea, the defendant also incorporated by reference the minutes supporting the trial information. On appeal, the defendant acknowledges the written guilty plea and incorporated minutes are sufficient to support a factual basis for her guilty plea to possession of marijuana, first offense. On this record, we cannot conclude the district court abused its discretion in denying the motion. *See State v. Augustine*, No. 13-2003, 2014 WL 3511901, at *2-3 (Iowa Ct. App. July 16, 2014) (affirming denial of motion in arrest of judgment where record reflected a factual basis for the plea); *State v. Blow*, No. 11-0463, 2011 WL 6740165, at *2

(Iowa Ct. App. Dec. 21, 2011) (same); *State v. Hightower*, 587 N.W.2d 611, 614 (Iowa Ct. App. 1998) (same).

With respect to the sentencing order, the State concedes that it incorrectly states the defendant pleaded guilty to and was adjudged guilty of possession of marijuana, second offense, rather than possession of marijuana, first offense. It should be noted the sentence imposed was a legal sentence for a conviction for the crime of possession of marijuana, first offense or second offense. Thus, the sentence imposed was not illegal. Under these facts, we vacate the sentencing order and remand this matter for the entry of judgment and sentence in accord with the defendant's guilty plea. .

**REVERSED AND REMANDED.**