# IN THE COURT OF APPEALS OF IOWA

No. 15-1043
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH MICHAEL COOK,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger (plea) and Lawrence P. McLellan (sentencing), Judges


The defendant challenges his conviction following guilty plea.
**AFFIRMED.**


Nicholas Einwalter, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Joseph Cook pleaded guilty to and was convicted of possession of a controlled substance with intent to deliver, methamphetamine, as a second or subsequent offender, in violation of Iowa Code sections 124.401(1)(c)(6) and 124.411 (2013). The district court sentenced Cook to an indeterminate term of incarceration not to exceed twenty years and required Cook to serve one-third of said sentence prior to becoming eligible for parole. Cook challenges his conviction in this appeal.

Cook first contends the district court abused its discretion in denying Cook's motion in arrest of judgment. Following the entry of his guilty plea and prior to sentencing, Cook filed a motion in arrest of judgment, seeking to withdraw his guilty plea. As relevant to this appeal, Cook sought to arrest judgment on the ground his plea was not knowing because he was unaware of the penal consequences of his guilty plea, specifically that there was a mandatory minimum term of incarceration. The district court denied Cook's motion on the ground the plea colloquy clearly demonstrated Cook was advised of and understood the penal consequences of his guilty plea.

"We review a district court's grant or denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion." *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (citations omitted). "An abuse of discretion will only be found where the trial court's discretion was exercised on clearly untenable or unreasonable grounds." *Id.* (citation omitted). "A ruling is untenable when the court bases it on an erroneous application of law." *Id.* (citation omitted). A motion in arrest of judgment shall be granted when upon the

whole record no legal judgment can be pronounced. *See* Iowa R. Crim. P. 2.24(3)(a).

During the guilty plea proceeding, the prosecutor recited the parties' plea agreement and set forth the potential penal consequences of the plea. During the plea proceeding, on at least two occasions, the district court advised the defendant of the penal consequences of his guilty plea, including the maximum term of incarceration and the mandatory minimum sentence. Cook acknowledged he understood the consequences of his plea. "The refusal to allow withdrawal will be upheld where a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998). We conclude the district court did not abuse its discretion in denying Cook's motion in arrest of judgment.

Cook next contends his plea counsel provided ineffective assistance in failing to advise Cook that he would not be eligible for probation. This claim appears to merely recast Cook's prior claim. Nonetheless, we conclude the record is not adequate to resolve the claim, and we preserve it for postconviction-relief proceedings. *See* Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."); *State v. Johnson*, 784

N.W.2d 192, 198 (Iowa 2010) (determining a court "must preserve" an ineffective-assistance claim if the record is inadequate to address it on direct appeal).

**AFFIRMED.**