# IN THE COURT OF APPEALS OF IOWA

No. 15-1499
Filed June 29, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CONALL ROBINSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Conall Robinson appeals the denial of his motion in arrest of judgment.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Conall Robinson appeals the denial of his motion in arrest of judgment, challenging his *Alford* pleas.[1] He claims his pleas were unknowingly and involuntarily made because his trial counsel was ineffective in several respects. Because the record is insufficient to resolve his claims, the district court properly denied the motion. Accordingly, we affirm his convictions and preserve his ineffective-assistance-of-counsel claims for a possible postconviction-relief (PCR) proceeding.

**I. Background Facts and Proceedings.**

The State filed criminal charges against Robinson in three separate matters. Robinson was charged with second-degree robbery after taking a purse from an acquaintance in January 2014. He was charged with three counts of forgery and one count of third-degree theft after cashing or depositing three checks from a closed bank account in a false name in July 2014. Finally, Robinson was charged with second-degree robbery for taking cash from his former place of employment in September 2014.

A comprehensive plea agreement was reached. Robinson agreed to enter *Alford* pleas to charges of first-degree theft as a habitual offender in each of the robbery cases. He also agreed to enter *Alford* pleas to the three forgery charges in exchange for dismissal of the theft charge in the remaining case. The State and Robinson would jointly recommend his robbery sentences run consecutively to each other but concurrently with the forgery sentences, for a

---

[1] An *Alford* plea allows a defendant to maintain innocence while acknowledging that the State has enough evidence to win a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

total term of incarceration not to exceed thirty years. The court accepted the pleas after a hearing.

Before sentencing, Robinson filed a motion in arrest of judgment, alleging his counsel was ineffective by failing to: (1) depose witnesses, (2) utilize a video Robinson believed would exonerate him, and (3) investigate or interview a witness, who he claims would have provided exculpatory evidence regarding the robbery conviction stemming from the events in January 2014. As a result, Robinson alleged his pleas were unknowingly and involuntarily made. After a hearing, the district court found the record inadequate to resolve Robinson's claim and denied the motion.

**II. Analysis.**

We review the denial of Robinson's motion in arrest of judgment for abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). "An abuse of discretion will only be found where the trial court's discretion was exercised on clearly untenable or unreasonable grounds. A ruling is untenable when the court bases it on an erroneous application of law." *Id.* (citations omitted).

Robinson alleges his pleas were unknowingly and involuntarily made due to counsel's ineffectiveness in investigating the charges. *See State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009) (holding an attorney's failure to properly investigate may result in a breach of duty that calls the knowing and voluntary nature of the defendant's guilty plea into question). To prevail on his claim, Robinson was required to show "counsel failed to perform an essential duty and prejudice resulted." *State v. Ary*, 877 N.W.2d 686, 704 (Iowa 2016). In the context of a guilty plea, it must be demonstrated "that but for counsel's breach of

duty, the party seeking relief would not have pled guilty and would have elected instead to stand trial." *Carroll*, 767 N.W.2d at 644.

We ordinarily preserve ineffective-assistance claims for PCR proceedings to allow the record regarding counsel's conduct to be fully developed. *See State v. Kirchner*, 600 N.W.2d 330, 335 (Iowa Ct. App. 1999). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). This is particularly true when the challenged decision implicates strategy that can only be explained if the record is developed. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

> We agree the record here is inadequate. As the district court found,
>
> [t]he record is void concerning any justification Robinson's original attorney had for his alleged inaction, and so the court is unable to establish whether counsel breached an essential duty to Robinson. The court additionally finds the record needs to be further developed on whether any alleged breach prejudiced Robinson. Therefore, the court does not address Robinson's ineffective-assistance-of-counsel claim and leaves it for determination in any potential [PCR proceeding].

Robinson admits that his counsel decided against deposing witnesses for "strategic reasons" and that he does not know the reasoning. With regard to a witness he alleges would have exonerated him, Robinson admits he does not know "exactly what she would testify to." Robinson did not think his lawyer was properly prepared for trial and claims this affected his decision whether or not to take the plea.[2] We will not declare counsel ineffective based on this record.

---

[2] At the hearing on the motion in arrest of judgment, Robinson was asked, "Did you feel like you had a choice whether or not to take the plea? Did you feel like there was a reason why you took the plea other than based on guilt? Were you taking the plea for some other reason?" Robinson responded, "Yeah. I mean, pretty much afraid for the time spent and my age and how much time I was facing." Robinson was then asked,

Robinson's counsel is entitled to respond and present his view of the circumstances surrounding Robinson's plea. "[A] lawyer is entitled to his day in court, especially when his professional reputation is impugned." *Kirchner*, 600 N.W.2d at 335 (citation omitted).

Robinson has failed to show the district court abused its discretion in denying his motion in arrest of judgment. Therefore, we affirm. Any claims of ineffective assistance of counsel are preserved for a possible PCR proceeding.

**AFFIRMED.**

---

"And did your lawyer's lack of preparation affect your decision whether or not to take the plea?" Robinson responded, "Yes."