# IN THE COURT OF APPEALS OF IOWA

No. 17-0368
Filed May 16, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRANDON CHRISTIAN ELLIOTT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

The defendant challenges his conviction for assault causing bodily injury, in violation of Iowa Code section 708.2A(5) (2015). **AFFIRMED.**

Elizabeth Araguas and Jonathon Muñoz of Nidey, Erdahl, Fisher, Pilkington & Meier PLC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Brandon Elliott pleaded guilty to assault causing bodily injury, in violation of Iowa Code section 708.2A(5) (2015). Elliott timely filed a motion in arrest of judgment, seeking to withdraw his guilty plea on the ground his guilty plea was not voluntary and lacked a factual basis. Specifically, Elliott contended he felt pressure to plead guilty because he was going to be arrested on an outstanding warrant and because he did not want his daughter to have to testify at trial. After receiving the defendant's testimony on the motion, the district court denied the motion in arrest of judgment and sentenced the defendant. Elliott challenges the denial of his motion in this appeal.

We review a district court's grant or denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). An abuse of discretion will only be found where the trial court's discretion was exercised on clearly untenable or unreasonable grounds. *See id.* Here, the district court denied the motion for the following reasons:

> The Court finds that these matters that were the subject of negotiation are the normal types of matters that the parties have to weigh in deciding whether to go to trial or whether to enter a plea agreement or in some cases whether to dismiss a prosecution. That includes the issue of whether a child might have to testify at a trial or whether a Defendant may have to forego short-term – or expected to undergo short-term incarceration due to intervening events between the initial cause and the trial. Though things happened very quickly, it appears the Defendant was aware of what his options were and he told the judge at the time of the plea proceeding that he was satisfied with counsel, that he was making the plea voluntarily, and he apparently laid a sufficient factual basis for Judge Koehler to accept the plea.

The Court does not find that there's any legal basis to set the guilty plea aside, and the Motion in Arrest of Judgment is therefore denied.

We cannot conclude the district court abused its discretion in denying Elliott's motion in arrest of judgment. As noted by the district court, the defendant's claim is belied by the record. *See State v. Wise*, 708 N.W.2d 66, 71 (Iowa 2006) (concluding the defendant was not entitled to postconviction relief on claim of involuntariness where the claim was contrary to the plea record); *see also Coates v. State*, No. 16-0324, 2017 WL 1088103, at *2 (Iowa Ct. App. Mar. 22, 2017) (affirming denial of application for postconviction relief challenging voluntariness of plea where claim was contradicted by the record); *Adcock v. State*, No. 09-0657, 2010 WL 446513, at *1 (Iowa Ct. App. Feb. 10, 2010) (affirming summary disposition of voluntariness claim where claim was contrary to the record). The fact the defendant felt some pressure to plead guilty due to the circumstances is of no legal consequence. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) ("When the law requires a plea of guilty to be entered freely and voluntarily, it does not mean that an accused acts in the matter of his own free will. No doubt no accused wants to be charged with crime, nor would he like to enter a plea of guilty in any case."). The plea colloquy and minutes of testimony establish a factual basis for the plea, including a lack of justification for the assault.

**AFFIRMED.**