# IN THE COURT OF APPEALS OF IOWA

No. 18-0137
Filed November 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SAUL GONZALEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge.

Saul Gonzalez appeals following his plea of guilty to driving while barred as a habitual offender. **AFFIRMED.**

Cami N. Eslick of Eslick Law, Indianola, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DANILSON, Chief Judge.**

Saul Gonzalez appeals the denial of his motion in arrest of judgment following his plea of guilty to driving while barred as a habitual offender. Because Gonzalez has not provided clear and convincing evidence that no reasonable fact finder could convict him of the offense to which he pled guilty, his claim of actual innocence fails. We affirm.

On March 15, 2017, Gonzalez, represented by Tim McCarthy, entered a written plea of guilty to driving while barred. An order accepting the written plea agreement was entered on the same date.

On April 19, Gonzalez filed a pro se motion in arrest of judgment,[1] asserting:

> After revi[ew]ing the Iowa [department of transportation] DOT official driv[]ing record, the [Des Moines Police Department] DMPD incident report and Iowa courts online, it has come t[]o my attention that my records and that of these three entities are wrong it seems that they have me confused for another individual with my same name and I should not have even be[e]n barred at the time of incident. If I were to be incarcerated it would on false pretense. Will explain at hearing.

On July 24, Gonzalez, now represented by Katharine Massier, filed a "withdrawal of motion in arrest of judgment/dismiss charges."

On November 13, Gonzalez filed a pro se "motion to dismiss" in which he asserted a conflict of interest with his attorney and a claim of ineffective assistance of counsel. He alleged he had not agreed to counsel's motion to withdraw the motion in arrest of judgment and that his due process rights had been violated.

---

[1] The deadline for moving in arrest of judgment is not later than forty-five days after a guilty plea and, in any case, not later than five days before the date set for pronouncing judgment. Iowa R. Crim. P. 2.24(3)(b). The pro se motion was filed thirty-five days after the guilty plea.

On December 4, 2017, the court appointed attorney Jonah Dyer to represent Gonzalez. On January 5, 2018, a hearing was held at which the court considered pro se motions.

Attorney Dyer stated:

Shortly after Mr. Gonzalez entered a plea of guilty to driving while barred, he engaged in a review of [DOT] records that relate to his license and found some abnormalities that led him to the conclusion that he was not barred at the time he was arrested and charged with driving while barred, that, in fact, there is another Saul Gonzalez whose birth date and other identifying information are close enough to this Mr. Gonzalez that it appears as though some sanctions that were being levied against this other Saul Gonzalez were being instead—actually being applied to our Mr. Gonzalez—excuse me— instead of being applied to him were being applied to our Mr. Gonzalez and that because of those misapplications, clerical errors on the department of—on the part of the [DOT], his license was indicating barred on the 29th of November, when in fact it had not been barred.

Further, counsel noted, "By way of professional statement, Your Honor, I have— there are hundreds of pages of DOT records that Mr. Gonzalez in his diligence has collected that only today I've had an opportunity to review. There does appear to be some irregularities that have put us in this position." Counsel asked that the court "put [Gonzalez] back in the position he was in before the plea of guilty to allow his attorney to review those documents."

The prosecutor objected, noting the certified driving abstract (which was provided to Gonzalez's former defense counsel and was offered as a proposed exhibit by Gonzalez earlier in the proceedings) showed Gonzalez was barred as a habitual offender from March 26, 2015, through March 24, 2017; official notice was sent to Gonzalez at his last known address; and "the date of birth is identical to the defendant that we have here." The prosecutor also noted Gonzalez had hand-

written on his plea, "I operated my motor vehicle while my license was barred." He

argued there was a factual basis for the plea.

In response, defense counsel stated:

> Your Honor, just that, notwithstanding the official notice, it's Mr. Gonzalez's contention that he has not—that he never did receive a copy of this official notice that barred him. We appreciate the legal niceties associated with barring. You know, if your privileges to operate a motor vehicle are barred erroneously . . . you still can't drive. We understand that. Certainly, in the interest of justice, if there's a—if Mr. Gonzalez can show that he should not have been barred and that his barment was to some other Saul Gonzalez, certainly, in the interest of justice, he should be allowed to pursue that line of inquiry.

The prosecutor observed that Gonzalez had not presented any evidence

that he had contested his barment within the proper forum, the DOT.

The district court denied the motion in arrest of judgment, ruling:

> Essentially, Mr. Gonzalez asserts his plea was not knowing and voluntary because he was not aware that possibly a different Saul Gonzalez should have been barred and not him.
> However, this fact, if true, is not relevant nor is it a defense to the crime. The existence of this fact does not eradicate the factual basis for the plea. Exhibits demonstrate that a Saul Gonzalez with the same identifying characteristics as the defendant (same [date of birth] and address) received notice on February 19, 2015, that he would be barred from driving as of March 26, 2015. If the defendant believed the sanction was erroneous, his remedy is to appeal to the DOT and not drive until his license is reinstated. Instead, it is undisputed that he did not contest the sanction, and continued to drive. Records reflect the notice was sent to the same address the defendant provided upon arrest.
> To this date, the defendant has never contested his bar with the DOT. A motion in arrest of judgment is not the avenue to contest the legitimacy of the license sanction. The record also demonstrates that all of these facts existed at the time of the plea and had been communicated to and discussed with previous counsel.
> As a result, there is a factual basis for the plea and the defendant had knowledge of the relevant facts at the time of the plea. He admitted in his written plea that he did in fact drive in Polk County on November 29, 2016, while his license was barred. He was represented by experienced counsel at this time and admitted he

was pleading guilty because he was guilty. As a result, the Court finds there is no basis upon which to allow the withdrawal of the guilty plea.

A sentencing hearing was held on January 12, and on January 17, 2018, judgment was entered. Gonzalez appeals, asserting the district court erred in denying his motion in arrest of judgment.

The parties do not agree on our scope of review. Gonzalez contends we review the district court's denial of a motion in arrest of judgment for an abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008), and cases cited therein. The State notes that an actual-innocence claim recognized in *Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018), is based upon the Iowa Constitution and constitutional errors are reviewed de novo. We agree with the State. *See State v. Shultsev*, No. 17-1766, 2018 WL 4923139, at *1 n.1 (Iowa Ct. App. Oct. 10, 2018) ("*Schmidt* grounded the right to a free-standing claim of actual innocence in the Iowa Constitution. [909 N.W.2d at] 795. Given that grounding, if we could reach the merits of Shultsev's actual-innocence argument, we would engage in de novo review. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (reviewing claims under article I, section 10)."). We review the actual-innocence claim de novo.

Gonzalez asserts he "attacked his guilty plea with an actual-innocence claim." On March 23, 2018, overruling prior case law, our supreme court held, "[C]onvicted defendants can attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas." *Schmidt*, 909 N.W.2d at 789. The *Schmidt* majority recognized a right existed to bring "freestanding claims of actual innocence" even if the claimant had pled guilty. *Id.* at 795. However, the court recognized that an actual-innocence claimant "is claiming he or she is factually and

actually innocent, depite a fair, constitutionally compliant trial or plea colloquy free of constitutional defects." *Id.* at 797. Thus,

> [f]or an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Id.*

Presuming Gonzalez's motion in arrest of judgment was an adequate vehicle for raising his challenge,[2] the district court considered the certified driving record and found "[e]xhibits demonstrate that a Saul Gonzalez with the same identifying characteristics as the defendant (same [date of birth] and address) received notice on February 19, 2015, that he would be barred from driving as of March 26, 2015." Gonzalez did not provide clear and convincing evidence that no reasonable fact finder could convict him of the offense to which he pled guilty. We therefore affirm.

**AFFIRMED.**

---

[2] *See Schmidt*, 909 N.W.2d at 798 ("Outside of our current statutory scheme in chapter 822, we need not decide or specify other vehicles applicants may use to bring their freestanding actual-innocence claims as independent actions. We emphasize sections 822(1)(a) and (d) are not the exclusive vehicles to bring freestanding actual-innocence claims because applicants may file such claims independently of chapter 822.").