# IN THE COURT OF APPEALS OF IOWA

No. 19-0913
Filed May 13, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**WILLIE GUYTON, JR.,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Black Hawk County, Patrice Eichman (plea and sentencing) and William Patrick Wegman (denial of motion to withdraw plea), District Associate Judges.

 Willie Guyton Jr. appeals the denial of his motion to withdraw pleas of guilt. **AFFIRMED.**

 Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

 Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

In 2012, Willie Guyton Jr. was charged with second-offense operating while intoxicated (OWI) and failure to have an ignition interlock device. In 2013, Guyton entered a written guilty plea for the OWI charge. The written guilty plea and waiver of rights noted the plea was "entered without any agreement with the state's attorney in regards to the charges . . . or sentence." It also noted Guyton's acknowledgment of his obligation to file a motion in arrest of judgment within forty-five days to challenge his plea. The written plea did not dispose of the second charge. The court accepted the plea and set the matter for sentencing. Guyton then failed to appear for sentencing, and a warrant issued for his arrest. The warrant was served roughly six years later in February 2019 when Guyton was apparently arrested on charges in a separate felony case. A sentencing hearing was then scheduled on the 2013 plea. Thereafter, on May 10, the court essentially stayed the matter of sentencing pending disposition of the charges in the felony matter.

In the morning hours of May 14, Guyton filed a pro se "motion to withdraw guilty plea," dated May 13. Later that day, defense counsel filed a written guilty plea, signed by Guyton, as to both the OWI and ignition interlock device charges, dated May 14. The plea memorialized the plea agreement to include a term of imprisonment not to exceed two years on count one and thirty days of incarceration on count two, to be served concurrently. Guyton waived his rights to appearance in court for submission of his guilty plea, delay until and appearance at sentencing, and to file a motion in arrest of judgment. Later that afternoon, the court entered an order accepting the plea and sentencing Guyton in accordance with the terms

of the plea agreement recited in the guilty plea filed earlier that day.  The next day, the court entered an order denying Guyton's pro se motion to withdraw the guilty plea, noting the "plea has already been accepted and sentence entered."

Guyton now appeals.  He argues his "right to offer extrinsic evidence on his motion in arrest of judgment was violated when the district court denied the motion without hearing."  As stated in his argument, Guyton labels his motion to withdraw his plea as a motion in arrest of judgment.

It is somewhat unclear whether Guyton's motion to withdraw his plea was aimed at his 2013 plea or the plea that was filed after his motion.  To the extent it was aimed at the 2013 plea, it was untimely.  *See* Iowa R. Crim. P. 2.24(3)(b) (noting a motion in arrest of judgment "must be made not later than 45 days after the guilty plea").  Assuming the motion was aimed at the written guilty plea filed after the motion, Guyton noted in the motion that he entered into a plea agreement with the State.  The only basis for the motion to withdraw was that, allegedly, the court previously stated it would not honor the terms of the plea agreement.  But, ultimately, the court did abide by the terms of the agreement.  The written guilty plea expressly noted withdrawal of the plea would only result if the court did not accept the terms of the agreement.

In any event, even if the motion to withdraw the plea had been filed after the written guilty plea, Guyton expressly waived his right to file a motion in arrest of judgment in his written guilty plea.  He also waived his right to a delay in and appearance at sentencing.  Assuming Guyton's motion amounted to a motion in arrest of judgment, he subsequently waived his right to file such a motion.  Then,

in accordance with the terms of the plea agreement, the court entered judgment and sentence pursuant to the plea agreement.

"We review a district court's . . . denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion." *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). "A court abuses its discretion when the grounds or reasons for the court's decision are 'clearly untenable' or when the court has exercised its discretion to an extent that is 'clearly unreasonable.'" *Lee v. State*, 906 N.W.2d 186, 194 (Iowa 2018) (quoting *Equity Control Assocs., Ltd. v. Root*, 638 N.W.2d 664, 674 (Iowa 2001)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *Root*, 638 N.W.2d at 674). Unless the contrary is shown, it is presumed the district court's decision is correct. *Id.*

The only basis for the motion to withdraw was that Guyton feared the court would not abide by the terms of the plea agreement. The court entered judgment and sentence in accordance with the plea agreement. Where the district court simply approves a plea agreement and incorporates it into the ultimate sentence, the sentence is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). As such, we certainly find no discretionary abuse in the sentencing decision. And, because the sole basis for the motion to withdraw evaporated when the court abided by the terms of the plea agreement, we likewise find no abuse of discretion in the court's denial of the motion to withdraw after sentence was imposed. And, the only claim on appeal is that the court erred in denying the motion without holding an evidentiary hearing. Guyton did not request

an evidentiary hearing below, so that argument is not preserved for appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm.

**AFFIRMED.**