# IN THE COURT OF APPEALS OF IOWA

No. 19-1266
Filed April 14, 2021

**LEE ANDREW SMITH,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.

Lee Smith appeals the district court's denial of his fourth application for

postconviction relief. **AFFIRMED.**

John L. Dirks of Dirks Law Firm, Ames, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.

Considered by May, P.J., Ahlers, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**MAHAN, Senior Judge.**

Lee Smith appeals the district court's denial of his fourth application for postconviction relief (PCR), challenging the court's rejection of his actual-innocence claim to overcome the statute-of-limitations. We affirm.

## I.   *Background Facts and Proceedings*

In 2006, the State charged Lee Smith with various offenses after he "entered his ex-girlfriend's home, armed with a knife, and physically and sexually assaulted her." *Smith v. State* (*Smith II*), No. 09-1518, 2010 WL 4867384, at *1 (Iowa Ct. App. Nov. 24, 2010). The case proceeded to trial, but during the course of trial, Smith decided to plead guilty. *See State v. Smith* (*Smith I*), 753 N.W.2d 562, 563 (Iowa 2008). The district court accepted his plea and entered judgment and sentence.[1] *Id.*

Smith filed his first PCR application in 2006, claiming his trial counsel was ineffective in (1) coercing him to plead guilty and (2) failing to file a motion in arrest of judgment attacking the district court's failure to advise him of section 903B.1's special sentence. *Smith II*, 2010 WL 4867384, at *2. The district court rejected Smith's claim that he was coerced into pleading guilty but concluded counsel was ineffective in failing to inform Smith of the section 903B.1 special sentence and vacated his plea with regard to the applicable count. On the State's appeal, this

---

[1] The district court subsequently realized Smith's sentence did not comply with Iowa Code section 903B.1 (2005), determined Smith's plea was therefore unknowing, and granted him a new trial. *See id.* On direct appeal, the supreme court found Smith had waived his right to file a motion in arrest of judgment and remanded the case for resentencing but acknowledged that Smith could file an application for postconviction relief (PCR) challenging his guilty plea following resentencing. *See id.* at 564–65; *Smith II*, 2010 WL 4867384, at *2.

court determined there was no reasonable probability Smith would not have pled guilty had he been informed of the section 903B.1 special sentence. *Id.* at *4–6 ("This record does not support a finding that the section 903B.1 parole term would have altered Smith's decision to plead guilty. Smith's concern at the time was the years of *incarceration* he would face."). The court therefore reversed and remanded for dismissal of Smith's PCR application. *Id.* at *7.

Smith filed his second PCR application in 2012,[2] which was dismissed, and no appeal was filed.

Smith filed his third PCR application in 2016,[3] which was dismissed following a hearing; Smith appealed, but the supreme court dismissed his appeal as frivolous upon appellate counsel's motion.

In 2018, Smith filed this PCR application, alleging a "freestanding claim of actual innocence" under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). To support his application, Smith filed two exhibits. "Exhibit 1" is a handwritten affidavit of the victim, dated April 23, 2006 and filed in the underlying criminal record, stating:

> To whom it may concern[:]
> In regards to Lee A Smith's charges I just wanted to say he did not break into my house and he did not rape me according to what they are charging him with.
> [Signature]

---

[2] Smith alleged his resentencing with the section 903B.1 special sentence was illegal because it was not part of his original plea agreement.

[3] Smith alleged (1) the sentencing court lacked jurisdiction to resentence him upon the finding of an illegal sentence due to the fact that no motion to correct an illegal sentence was filed by any party; (2) his judgment was void because his original sentence was not an illegal sentence and his resentencing was therefore void; (3) the district court and supreme court lacked jurisdiction over his motion in arrest of judgment in the underlying; and (4) his guilty pleas were improperly coerced by a threat of prosecution for an offense of kidnapping in the first degree.

According to Smith, exhibit 1 was "never presente[d] to court at the time of my trial," and "was not submitted to court until my resentencing hearing December 18, 2006."

The second exhibit attached to Smith's application was an excerpt from the victim's deposition prior to trial, in which she was asked about her affidavit and stated as follows:

Q. . . . I have a copy of a piece of paper that's been marked deposition exhibit 1. I am going to show that to you. Do you recognize the handwriting on that? A. Yeah, I recognize it.

Q. Whose handwriting is it? A. It's mine.

Q. Did you write that note? A. Yes I did.

Q. How did you come to write that note? A. Lee's mom asked me to.

Q. What is Lee's mom's name? A. Annie Smith.

Q. When did Lee's mother talk to you about writing this statement? A. A few days after the incident.

Q. Do you remember what Annie Smith or how she brought it up to you or what she told you? A. I don't remember specifically. She just asked me if I would. I told her yes, sure.

Q. Did she tell you what to write in the statement? A. I don't remember that.

Q. Were these your own words you put in the statement? A. Yeah they were.

Q. In the statement you say he did not break into your house; is that correct? A. Yeah it is correct.

Q. Do you feel that's true? A. No, he didn't break in. Other people might see thing differently as far as breaking in. The way I see it and law sees it is probably two different things. No, he didn't break in.

Q. To you, what would breaking in the house mean? A. Breaking the door down and forcing their way in. If you use a key that someone had given to you then that's not breaking in.

Q. So you would consider breaking into your house to be someone basically going through your door? A. Yes.

Q. Taking it down? A. Yes.

Q. You also wrote in here that he did not rape you; is that correct? A. Yes.

Q. Why did you write that? A. The reason I wrote that is because when Lee and I do have sex, oral sex is part of when we both be in the bedroom together. We do that. He didn't force that

on me. I did that. He asked me. I did, maybe just to keep anymore trouble down, or whatever. I don't know. He asked me and I did. It's not like it's the first time.

The State filed a motion to dismiss Smith's application pursuant to Iowa Code sections 822.3 and 822.8 (2018). Smith filed an amended PCR application through counsel, raising various claims of ineffective assistance of counsel stemming from his prior PCR actions and citing the relation-back doctrine under *Allison v. State*, 914 N.W.2d 866 (Iowa 2018). His amended application did not mention his initial actual-innocence claim under *Schmidt*. The matter proceeded to a hearing on the State's motion, during which Smith's attorney maintained that Smith's prior PCR counsel were ineffective and that *Allison* precluded dismissal of his claims.[4]

Following the hearing, the district court entered an order denying Smith's application. Despite a lack of argument at the hearing by counsel on Smith's actual-innocence claim, the district court addressed and rejected the issue in its order as follows:

> [A]pplicant alleged that based upon the case of *Schmidt v. State*, 886 N.W.2d 106 (Iowa 2016) applicant was entitled to post-conviction relief due to recantation by the victim or pursuant to a free-standing claim of actual innocence.
> Applicant claims that a deposition from the alleged victim in this matter dated June 28, 2006, and a prior statement by this victim are inconsistent with the testimony given by the victim at the time of trial.
> . . . .
> Applicant next argues that the victim in this matter [M.W.] has recanted her testimony given at trial. Applicant's claim is based upon a deposition given by [M.W.] prior to trial and a statement given by [M.W.] to an investigator from the Waterloo Public Defender's Office prior to trial. Both the deposition testimony and statement given to the Public Defender's Office were consistent with the testimony given

---

[4] Smith does not pursue his ineffective-assistance-of-counsel claims on appeal.

by [M.W.] at trial. Any inconsistencies contained in the deposition testimony or statement to the Public Defender's Office with the trial testimony could have been used for impeachment purposes if the trial would have proceeded to allow cross-examination of the witness. Applicant elected to enter his plea of guilty prior to the cross-examination of witness [M.W.]

Applicant relies upon the case of *Schmidt v. State of Iowa*, 909 N.W.2d 778 (Iowa 2019), for the proposition that recantation by a victim is grounds for a new trial based upon a claim of actual innocence. Applicant's claim fails in that applicant has failed to show that the victim in this matter has recanted from her trial testimony. Any statement which may have been inconsistent with trial testimony was available to applicant prior to and at the time of trial. The victim herein has not recanted her statement and applicant's claim for new trial based upon actual innocence must be denied.

. . . .

The court therefore determines that more than three years have elapsed and that all claims of applicant except those claims which are grounded in fact or law which could not have been raised within the applicable time period . . . are time-barred.

. . . .

The court further determines that applicant's request for new trial based upon claim of actual innocence should be denied in that the victim herein has not recanted her testimony and that any inconsistent statement made by the victim was available to the applicant at the time he entered his plea in the underlying criminal case.

Smith appeals.

## II. Standard of Review

"We review summary dismissals of postconviction-relief applications for errors at law." *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019) (quoting *Schmidt*, 909 N.W.2d at 784 (Iowa 2018)).

## III. Actual-Innocence Claim

On appeal, Smith contends the district court erred in rejecting his claim as time-barred. In Smith's view, "*Schmidt* does not require that there be newly-discovered evidence in order to grant a new trial" and the district court "circumvented [his] opportunity to be heard on the merits by dismissing the matter

before addressing the merits." The State counters that "*Schmidt* would allow his claim to proceed only if the evidence underlying it was also newly discovered." And the State points out that *Schmidt* only really changed or clarified the law as to PCR applicants who plead guilty.

Indeed, "[w]e have found *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) (citing cases). *But see Schmidt*, 909 N.W.2d at 799 (finding the complaining witness's "recantation was not available to Schmidt within the three-year period following the date of his conviction and Schmidt could not have discovered the recantation earlier than he did in the exercise of due diligence"). Here, Smith's claim centers on statements by M.W., as referenced in her 2006 written statement and deposition. "The evidence presented to support [Smith]'s claim of actual innocence was unquestionably available to him within the limitations period." *See Quinn*, 954 N.W.2d at 77. Accordingly, Smith's claims are "time-barred under Iowa Code section 822.3 and *Schmidt* does not provide an . . . exception that is applicable to [him]." *Cf. Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Nov. 30, 2019).

We affirm the denial of Smith's PCR application.

**AFFIRMED.**