**STATE of Iowa, Appellee,**

v.

**Antonio SPEED, Appellant.**

No. 97–256.

Supreme Court of Iowa.

Jan. 21, 1998.

Susan R. Stockdale of Roehrick, Hulting, Blumberg, Kirlin & Krull, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Defendant, Antonio Speed, appeals the district court's refusal to allow him to withdraw his guilty plea. We affirm.

## I. *Background Facts and Proceedings.*

On May 26, 1996, the State filed a trial information charging Speed with murder in the first degree, *see* Iowa Code §§ 707.1, .2(1), (2) (1995), attempted murder, *see id.* § 707.11, and terrorism, *see id.* § 708.6. Speed pleaded not guilty to these charges, but eventually entered a guilty plea to a reduced charge of going armed with intent, *see id.* § 708.8, pursuant to a plea agreement with the county attorney. The district court conducted an extensive plea colloquy with Speed, and specifically found that Speed was voluntarily pleading guilty. The district court also ascertained that each of the guilty plea requirements listed in Iowa Rule of Criminal Procedure 8(2)(b) were met. After accepting Speed's guilty plea, the court informed him of the proper method and time to challenge his plea.

Thereafter, prior to entry of judgment, Speed filed a motion in arrest of judgment. *See* Iowa R.Crim. P. 23(3). He requested permission to withdraw his guilty plea because (1) newly-discovered evidence, if known before his plea, would have affected his decision to plead guilty, and (2) alleged pressure exerted by his attorney made his plea involuntary. The court denied Speed's motion and Speed brought this appeal.

On appeal Speed claims the trial court abused its discretion in refusing to allow him to withdraw his plea. He also contends the court applied an erroneous standard in determining whether he should be allowed to withdraw his guilty plea. In addition, Speed claims he was denied his constitutional right to the effective assistance of counsel.

II. *Scope of Review–Withdrawal of Guilty Plea.*

██ We review a trial court's decision to grant or deny a request to withdraw a guilty plea for abuse of discretion. *See State v. Blum,* 560 N.W.2d 7, 9 (Iowa 1997). Abuse of discretion exists only where a defendant shows the trial court's sound discretion was "exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (determining whether a plea was entered into voluntarily). The refusal to allow withdrawal will be upheld "where 'a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion.'" *State v. Ramirez,* 400 N.W.2d 586, 588 (Iowa 1987) (quoting *State v. Weckman,* 180 N.W.2d 434, 436 (Iowa 1970)).

III. *Standard For Withdrawal of Guilty Plea.*

Speed argues the trial court used an inappropriate standard to determine if he should be allowed to withdraw his guilty plea. He notes the district court applied some of the factors enunciated in *United States v. Abdullah,* 947 F.2d 306, 311 (8th Cir.1991), but did not apply all four factors set forth in that case.

██ This court has refused to adopt the *Abdullah* factors as the standard for withdrawal of guilty pleas in Iowa. *See State v. Mattly,* 513 N.W.2d 739, 741 (Iowa 1994) ("We are not inclined to impose the federal guidelines on Iowa courts and refuse to do so."). If a trial court is not required to apply *any* of the federal factors, then it need not follow *all* of them. The trial court must merely make an adequate analysis to ensure the plea was voluntary and knowing, subject to an abuse of discretion review. *See id.* Thus, we turn now to an examination of the district court's exercise of its discretion in denying Speed's request to withdraw his guilty plea.

IV. *Effect of New Evidence on Speed's Request to Withdraw His Guilty Plea.*

██ Speed argues he would not have pleaded guilty had he known of allegedly exculpatory evidence discovered after he entered his guilty plea. We have previously stated "it is well settled that a plea of guilty 'waives all defenses or objections which are not intrinsic to the plea itself.'" *State v. Alexander,* 463 N.W.2d 421, 422 (Iowa 1990) (quoting *State v. Morehouse,* 316 N.W.2d 884, 885 (Iowa 1982)). Thus, new evidence, unless it is "intrinsic to the plea itself," does not provide grounds to withdraw a guilty plea.

Speed asserts new exculpatory evidence bears upon a defendant's plea because the amount of evidence the State has against a defendant affects the defendant's decision to plead guilty. This argument fails to distinguish between a defendant's tactical rationale for pleading guilty and a defendant's understanding of what a plea means and his or her choice to voluntarily enter the plea. Any subsequently-discovered deficiency in the State's case that affects a defendant's assessment of the evidence against him, but not the knowing and voluntary nature of the plea, is not intrinsic to the plea itself.

For example, in *Alexander,* we held that a defendant who pleads guilty may not move for a new trial under Iowa Rule of Criminal Procedure 23(2)(a) on grounds of new evidence, because "[n]otions of newly discovered evidence simply have no bearing on a knowing and voluntary admission of guilt." *Id.* at 423. Similarly, in *Mattly,* we held the trial court did not abuse its discretion in refusing to allow the defendant to withdraw her guilty plea where she had not realized a potential defense until after she entered her plea. 513 N.W.2d at 741. We held the defendant's late awareness of flaws in the state's case was not a basis to allow withdrawal of her otherwise valid guilty plea. *Id.*

*Mattly* and *Alexander* are dispositive here. Speed's claim of newly-discovered evidence is not a basis for withdrawal of his guilty plea.

V. *Voluntariness of Speed's Guilty Plea.*

██ Speed argues his plea was involuntary because he felt threatened and coerced by his attorney, who allegedly told him not to upset the trial judge by pleading not guilty.

"Fundamental due process requires a guilty plea be voluntary and intelligent." *State v. Sayre,* 566 N.W.2d 193, 195 (Iowa 1997). To "ensure that a plea is knowingly and voluntarily made," trial courts must follow the colloquy set forth in Iowa Rule of Criminal Procedure 8(2)(b). *Id.* Speed does not dispute that the district court here painstakingly followed the guidelines established by rule 8(2)(b) at the original plea entry. He claims, however, the statements he made to the court when pleading guilty were false, and, contrary to his statements at that time, his trial counsel pressured him into pleading guilty.

In ruling on Speed's motion in arrest of judgment, the district court found Speed's claim of coercion lacked credibility. This assessment is supported by the record. *See Ramirez,* 400 N.W.2d at 588 (upholding denial of motion to withdraw guilty plea, in part because the record supported the district court's finding that defendant's plea was voluntary). At the original plea hearing, Speed acknowledged no one "made any threats to [him] to force [him] to plead guilty," and that he was "pleading guilty voluntarily and of [his] own free will." Speed told the district court at that time "it would be in my best interest if I plead guilty to the charge today." In addition, Speed expressed satisfaction with the services of his attorney, stating, "He's a very decent man."

During the hearing on the motion to withdraw his plea, Speed mentioned in several different ways that he was simply unhappy with having been forced to choose between a trial for first-degree murder and pleading to a lesser offense, and that he was dissatisfied with what he now viewed as a bad tactical decision to plead guilty. When asked if there was any pressure on him to make the plea, he replied, "The pressure just of the plea agreement itself.... If I don't plead guilty to Going Armed with Intent, I must go to trial for First Degree Murder." He noted that he was "very scared," and that he "just wanted to go home." Mainly, Speed railed at the inequity of having to choose between a possible sentence for murder and the offered plea bargain: "I should not be forced to take a five-year deal versus a life sentence. Any-

one in their right mind would not want to go to jail for life."

■ Speed's concern that he must choose between trial on a murder charge and pleading guilty to a lesser charge has no bearing upon the voluntariness of his plea:

> "When the law requires a plea of guilty to be entered freely and voluntarily it does not mean that an accused acts in the matter of his own free will. No doubt no accused wants to be charged with crime, nor would he like to enter a plea of guilty in any case. The law contemplates that he have an uncoerced election to plead not guilty or guilty, after he has had the benefit and advice of competent counsel. The fact that an accused may elect to plead guilty to a lesser offense when he is also charged with a more serious offense does not make his plea coerced."

*State v. Lindsey,* 171 N.W.2d 859, 865 (Iowa 1969) (quoting *State v. La Marr,* 231 Ind. 500, 109 N.E.2d 457, 459–60 (1952)). Nor does an accurate statement by Speed's trial attorney that Speed may receive a longer sentence if he goes to trial render his plea involuntary. Even if trial counsel did try to persuade Speed that it was in his best interest to plead guilty, which the record does not conclusively show, the plea may still be voluntary:

> Assuming appellant was reluctant or "unwilling" to change his plea, such state of mind is not synonymous with an involuntary act. Lawyers and other professional[s] often persuade clients to act upon advice which is unwillingly or reluctantly accepted. And the fact that such advice is unwillingly or reluctantly acted upon is not a "... factor overreaching defendant's free and clear judgment" of what should be done to find a means to alleviate the situation with respect to which the client seeks advice.

*People v. Urfer,* 94 Cal.App.3d 887, 892, 156 Cal.Rptr. 682, 685 (Ct.App.1979).

We conclude the district court did not abuse its discretion in denying Speed's motion in arrest of judgment. The trial court adequately considered Speed's contentions and the evidence, and concluded Speed mere-

ly had a change of heart. No evidence suggests this decision was based on reasons clearly untenable or unreasonable. Therefore, we affirm Speed's conviction and sentence.

## VI. *Ineffective Assistance of Counsel.*

Speed contends his trial counsel was ineffective in several ways. To prevail on this claim, Speed must prove "(1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom." *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981). Unless the record on direct appeal is adequate to address these issues, a claim of ineffective assistance of counsel is preserved for consideration in postconviction relief proceedings. *See State v. Bayles,* 551 N.W.2d 600, 610 (Iowa 1996). We think the record before us is inadequate and therefore, we preserve Speed's claim of ineffective assistance of counsel for possible postconviction review.

**AFFIRMED.**