# IN THE COURT OF APPEALS OF IOWA

No. 14-0950
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRISHA MICHELLE BARNHART,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.

        Defendant appeals her judgment and sentence, contending she received

ineffective assistance of counsel during plea proceedings.   **AFFIRMED.**

        Magdelena Reese of Cooper, Goekdicke, Reimer & Reese, until

withdrawal, Paul Rosenberg, of Paul Rosenberg, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, John P. Sarcone, County Attorney, and Mark Taylor, Assistant

County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Trisha Barnhart pleaded guilty to two counts of possession of a controlled substance with intent to deliver, marijuana, as a second or subsequent offender on one count, in violation of Iowa Code sections 124.401(1)(d) and 124.411 (2013).  The district court sentenced Barnhart to an indeterminate term of incarceration not to exceed fifteen years on one count and five years on the other count, said sentences to be served consecutively.  On appeal, Barnhart contends her plea counsel provided constitutionally ineffective assistance by directing Barnhart to enter a plea that was not intelligent and voluntary.  We conclude the claim is without merit.

As a general rule, a defendant's guilty plea waives all defenses and objections to a criminal proceeding except those intrinsic to the plea.  *See Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006).  The defendant's waiver includes claims of ineffective assistance of counsel except those bearing on the knowing and voluntary nature of the plea.  *See State v. Larue*, 619 N.W.2d 395, 398 (Iowa 2000).  This is because "[f]undamental due process requires a guilty plea be voluntary and intelligent."  *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (quotation marks and citation omitted).  Our court has thus held that counsel breaches an essential duty resulting in prejudice when a defendant's guilty plea is not voluntarily and intelligently made.  *See Meeker v. State*, No. 12-2292, 2014 WL 955988, at *2 (Iowa Ct. App. Mar. 12, 2014).

Barnhart first contends her plea was not voluntary because she was under emotional stress at the time of the plea.  It is not sufficient for Barnhart to

establish she was ill or under stress; instead, she must establish her guilty plea was actually not knowing and not voluntary. *See State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002) (holding that district court did not abuse its discretion in denying defendant's motion in arrest of judgment where defendant claimed diminished capacity due to depression but the record demonstrated that defendant understood the plea proceedings); *Speed*, 573 N.W.2d at 597 (holding that district court did not err in denying motion in arrest of judgment where defendant claimed he felt pressured to plead guilty); *State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997) (refusing to find that alleged stress and pressure from defendant's long confinement in jail prevented his entering a voluntary and intelligent plea); *State v. Bullock*, No. 11–1523, 2012 WL 1864769, at *5 n.5 (Iowa Ct. App. May 23, 2012) (rejecting claim that defendant did not have capacity to waive rights based on "bare assertion" that he was under stress); *Trobaugh v. State*, No.09-0350, 2010 WL 1875723, at *2 (Iowa Ct. App. May 12, 2010) (holding that defendant who suffered head injury prior to tendering guilty plea did not establish that the injury impaired his ability to plead guilty). There is nothing in the plea or sentencing colloquy supporting Barnhart's claim her plea was not voluntary. Indeed, the district court's thorough colloquy and exploration of this particular subject with the defendant demonstrates just the opposite.

Barnhart next contends her guilty plea was not intelligently made because she erroneously believed she could ask for probation at the time of sentencing. The plea colloquy makes clear, however, that the plea agreement called for

incarceration due to the significant charging concessions made by the State and Barnhart understood the plea agreement:

> THE COURT: Do you agree that the terms of the plea agreement that you've reached with the State require you to serve a consecutive term that amounts to 20 years of incarceration; in return, the State is going to dismiss all of the other charges against you and is not going to seek the habitual offender enhancement and in one of the cases is not going to seek the second or subsequent offender enhancement?
> DEFENDANT: Yes.

Barnhart's claim on appeal appears to be nothing more than buyer's remorse.

Accordingly, we conclude Barnhart's claim of ineffective assistance of counsel is without merit. We affirm Barnhart's convictions and sentences.

**AFFIRMED.**