**IN THE COURT OF APPEALS OF IOWA**

No. 14-0822
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH EARL HUPP JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Karen A. Romano (guilty plea, motion to continue), Judge, and James D. Birkenholz (sentencing), District Associate Judge.


        Defendant appeals his conviction, based upon his guilty plea, to domestic abuse assault causing bodily injury.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Bridget A. Chambers, Assistant Attorneys General, John P. Sarcone, County Attorney, and Shannon Archer, Assistant County Attorney, for appellee.


        Considered by Tabor, P.J., McDonald, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, S.J.**

Defendant Joseph Hupp appeals his conviction, based upon his guilty plea, to domestic abuse assault causing bodily injury. Hupp claims he received ineffective assistance because his defense counsel did not file a motion in arrest of judgment. We determine the present record is not adequate to address Hupp's claim of ineffective assistance and preserve the issue for possible postconviction proceedings. We affirm Hupp's conviction.

## I. Background Facts and Proceedings

Hupp and his wife were separated, but still married to each other, when he broke out the windows of her vehicle with a flashlight, causing her lacerations from the broken glass. Hupp was charged with domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2013), a serious misdemeanor. Hupp filed a written guilty plea on March 19, 2014.[1] The district court accepted the plea.

At the time set for the sentencing hearing, defense counsel stated Hupp wanted to withdraw his plea on the ground that it was not knowing and voluntary. Defense counsel stated Hupp entered his guilty plea based on his understanding that if the case proceeded to trial his wife would testify, but subsequent questions arose as to whether the wife would have testified at trial. He asked for a continuance of the proceedings. The district court entered an order giving Hupp

---

[1] The parties entered into a plea agreement whereby Hupp would plead guilty to domestic abuse assault causing bodily injury and be sentenced to one year of incarceration, which would be served concurrently with his sentence for a different offense. Another charge would be dismissed at sentencing as long as Hupp did not violate a no-contact order and did not pick up any new criminal charges.

until May 6, 2014, to file a motion in arrest of judgment and continuing the sentencing hearing.

Defense counsel did not file a motion in arrest of judgment. On May 14, 2014, Hupp was sentenced to incarceration for one year. He now appeals, claiming he received ineffective assistance of counsel.

## II.    Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

## III.    Merits

Hupp claims he received ineffective assistance because defense counsel did not file a motion in arrest of judgment, despite obtaining a continuance for the purpose of filing such a motion.[2] He contends his guilty plea was not voluntary and intelligent because he was misled by the State about whether his wife was prepared to testify if the case went to trial. He states there is a likelihood his wife would have decided not to testify because she was operating a motor vehicle while intoxicated at the time of the incident. He also states she engaged in assaultive behavior toward him. He asserts that if the case went to trial and his wife did not testify, he would not have been convicted. Hupp contends defense

---

[2] Hupp makes an argument that if a motion in arrest of judgment had been filed on April 29, 2014, it would not have been untimely under Iowa Rule of Criminal Procedure 2.24(3)(b). The issue is irrelevant, however, because the court granted Hupp until May 6, 2014, to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(4)(a).

counsel should have filed a motion in arrest of judgment so that he could withdraw his guilty plea.

A court may accept a guilty plea if it "is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). In order for a guilty plea to be valid under the Due Process Clause, the plea must be voluntary and intelligent. *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998). "If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

There is not a sufficient record in the present case for us to address Hupp's claim of ineffective assistance of counsel. There is no information as to why defense counsel did not file a motion in arrest of judgment after obtaining a continuance for filing the motion. In addition, there is no evidence as to what Hupp's wife communicated to her attorney or the prosecutor about whether she intended to testify, or what the prosecutor communicated to Hupp. Where we are unable to address a claim of ineffective assistance of counsel based on the existing record, we must preserve the issue for possible postconviction relief proceedings. *See State v. Vance*, 790 N.W.2d 775, 790 (Iowa 2010). In its appellate brief, the State argues this issue should be preserved.

We affirm Hupp's conviction for domestic abuse assault causing bodily injury. We preserve his claim of ineffective assistance of counsel for a possible postconviction relief proceeding.

**AFFIRMED.**