# IN THE COURT OF APPEALS OF IOWA

No. 15-0530
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**OLIVER LEE LEWIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

        Oliver Lee Lewis appeals the judgment and sentence entered following his guilty pleas to driving while license revoked; public intoxication, third offense; and operating while intoxicated, second offense.  **JUDGMENT AND SENTENCE VACATED; CASE REMANDED.**

        Richard R. Hollis, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Oliver Lee Lewis appeals his guilty pleas and sentence alleging (1) ineffective assistance of counsel, (2) the State breached the plea agreements, (3) the district court abused its discretion by not allowing Lewis to withdraw his guilty pleas, and (4) the district court abused its discretion by not recusing itself from the sentencing proceedings.

## I.     Background Facts and Proceedings

In 2014, Lewis entered into three separate plea agreements with the State regarding three separate offenses: driving while license revoked; public intoxication, third offense; and operating while intoxicated, second offense (OWI). In those agreements, the State indicated it would recommend the following on each charge, respectively: (1) $1000 fine; (2) "2 yrs prison, $625 suspended fine, served in [Iowa Code chapter] 321J [2013] Program concurrent with [the operating while intoxicated charge]"; and (3) "321J Program, mandatory minimum sentence, fines, probation 2 yrs supervised."  On the OWI plea agreement, the county attorney separately wrote "as approved—probation prior to placement in J if approved for direct placement."  All three plea agreements were conditioned upon the court's concurrence.

On October 31, 2014, a hearing on all three guilty pleas was held.  At that hearing, the following colloquy occurred:

> THE COURT: . . . Mr. Lewis, have you been over with your attorney all of the rights that you waive by entering these pleas of guilty.
> THE DEFENDANT: Yes.
> THE COURT: And do you understand those rights?
> THE DEFENDANT: Yes.

THE COURT: And by entering these pleas of guilty, are you telling me that you're willingly waiving those rights?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions about your rights?

THE DEFENDANT: No, I don't at this time.

THE COURT: Very well, Mr. Lewis. I will accept your written pleas of guilty.

. . . I note there is contemplation, I think, in the written plea of guilty that the defendant would be sentenced to prison with placement in the 321J program, but there's been no indication that he's eligible for that. I'm assuming, then, counsel, you wish sentencing to be set at a later time?

[DEFENDANT'S COUNSEL]: Yes, Your Honor.

All three matters were then set for sentencing on January 9, 2015. At the sentencing hearing, Lewis and his attorney first learned Lewis was ineligible for the 321J program.

[DEFENSE COUNSEL]: Your Honor, I don't see that I've received anything with the worksheet disqualifying Mr. Lewis from the 321J program, which was the basis of the plea.

THE COURT: It's in the court file

(Attorney conference.)

[DEFENSE COUNSEL]: And, Your Honor, this is the first I've seen of the 321J rejection, and the guilty plea was conditioned, also. At this point, I'd request the matter be reset for trial as far as this case.

THE COURT: You want to bring it back up. Bring the file. All right. Well, I was unaware of the defendant's criminal history, which includes kidnapping, burglary second degree, and several assaultive offenses. He does not qualify for placement in the 321J program. So does the defendant wish to withdraw all of his pleas of guilty?

[DEFENSE COUNSEL]: Do you wish to withdraw all of them or just the OWI, sir?

(Attorney/client conference.)

[DEFENSE COUNSEL]: All of them, Your Honor.

THE COURT: All right. I will withdraw all of the defendant's pleas. They'll be immediately rescheduled for trial.

Notwithstanding this in-court colloquy, the district court entered a written order following the hearing finding Lewis's pleas were "conditioned upon the approval of the department for the defendant's placement in the 321J Program"

and thus "defendant's request to withdraw his pleas of guilty should be denied and the matters reschedule for sentencing."

At the rescheduled sentencing hearing, Lewis's counsel requested that the judge recuse himself from the case, which the court denied. The State recommended "two years on the OWI second, two years on the public intoxication third and one year on the driving while license revoked all concurrent to one another for a two-year sentence." Lewis was sentenced to two years for the OWI offense with a $1875 fine, two years for the public-intoxication offense with a $625 fine, and one year for the driving-while-license-revoked offense with a $1000 fine, all to run concurrently. A 35% surcharge was imposed on each fine and a $10 Drug Abuse Resistance Education (DARE) fee was imposed on the OWI offense.

Lewis appealed.

## II.    Analysis

Because we find Lewis's third argument—the district court abused its discretion by not allowing Lewis to withdraw his guilty pleas—to be dispositive, we address only that claim.

"We review a trial court's decision to grant or deny a request to withdraw a guilty plea for abuse of discretion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998). "Abuse of discretion exists only where a defendant shows the trial court's sound discretion was 'exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (citation omitted). "The refusal to allow withdrawal will be upheld 'where "a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters

such a plea understandably and without fear or persuasion."'" *Id.* (citations omitted).

From the record, it is apparent it was not made clear to Lewis at the plea colloquy that his plea was contingent upon a determination by the department of corrections that he was eligible for the 321J program. Though the county attorney added "as approved" to the plea agreement, there is no indication Lewis interpreted and understood the clause to place a condition on his placement. To the contrary, the record establishes both Lewis and his attorney viewed placement in the 321J program as the basis of the pleas.

Based upon this failure of mutual understanding, Lewis requested to withdraw his pleas—a request the court granted. Despite informing Lewis that his pleas were withdrawn and the cases would proceed to trial, the court then changed its mind by written order, denying Lewis's already granted request.

At the rescheduled sentencing hearing, the State recommended a year sentence for the driving-while-license-revoked charge, despite indicating in the plea it would recommend only a $1000 fine. In imposing sentence, the district court adopted this recommendation and further varied from the plea agreement by failing to suspend the $625 fine for the public-intoxication offense. In addition, the court imposed fines and a DARE fee that had not been disclosed to Lewis in the plea agreements. *See State v. Fisher*, ___ N.W.2d ___, ___, 2016 WL 1391874, at *9 (Iowa 2016) (noting the defendant "should have been informed of the mandatory minimum and maximum possible fines, including surcharges").

From these unique circumstances, it is apparent that the department of corrections' determination Lewis was not eligible for the 321J program

undermined the validity of the plea agreement as understood by Lewis and his counsel. Based on this nullification of a key aspect of the plea agreements—in conjunction with the initial grant of a withdrawal of the pleas and subsequent imposition of a sentence inconsistent with the pleas or not otherwise disclosed in the pleas—we conclude the district court abused its discretion in denying Lewis's request to withdraw his guilty pleas.

**JUDGMENT AND SENTENCE VACATED; CASE REMANDED.**