# IN THE COURT OF APPEALS OF IOWA

No. 15-1408
Filed August 17, 2016

**JACOB LEE SCHMIDT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.

A postconviction-relief applicant, who previously pled guilty, appeals from a district court order summarily dismissing his application. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., Doyle, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, Judge.**

Jacob Schmidt appeals from the district court's summary dismissal of his application for postconviction relief (PCR), following his guilty pleas to assault with intent to commit sexual abuse and incest. He argues that under Iowa Code section 822.2(1)(d) (2013), newly discovered exculpatory evidence—the victim's alleged recantation of his statements to law enforcement and a child advocacy interviewer—requires this court to reverse the summary dismissal and allow his PCR claim to proceed. The State responds that a claim of newly discovered evidence cannot be the basis for a PCR action where the conviction was entered following a guilty plea. Our review is for correction of errors at law. *See De Voss v. State*, 648 N.W.2d 56, 60 (Iowa 2002).

In June 2014, Schmidt filed his PCR application, claiming that he was not guilty and that his "alleged victim ha[d] come forward with the truth." In resisting the State's motion for summary dismissal, Schmidt proffered an affidavit from the victim, which stated:

> I was the victim in Woodbury County Criminal Case FECR054257, State of Iowa vs. Jacob Schmidt. Jacob Schmidt is my brother. I am currently 23 years of age, but was a child at the time of the criminal case. At the time of the original criminal case, I had told various people that Jacob had sexually abused me. When I was 21 years old, I told other people that Jacob had never touched me in a sexual way or sexually abused me. I didn't tell anyone before that date that nothing had really happened, and so Jacob couldn't have known before then. I decided to tell people when I turned 21 since I was a full adult at that time. I want to see my brother and tell him I am sorry that I couldn't tell anyone before then.

The matter was submitted to the PCR court on the parties' briefs. Thereafter, the court sustained the State's motion and dismissed Schmidt's PCR action. The court, noting Schmidt had not alleged or demonstrated a defect in

the plea-taking proceedings, relied upon this court's reasoning in *Walters v. State*, No. 12-2022, 2014 WL 69589, at *3 (Iowa Ct. App. Jan. 9, 2014), an unpublished opinion, which was denied further review by the Iowa Supreme Court.

In *Walters*, this court noted the well-settled law that guilty pleas waive "all defenses or objections which are not intrinsic to the plea itself." 2014 WL 69589, at *3 (quoting *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998)). Because Walters's "newly discovered exculpatory evidence"—an alleged recantation by the victim—was not intrinsic to Walters's guilty pleas, the court held Walters could not challenge his convictions in the PCR proceeding. *See id.* at *3-6. Finding *Walters* "directly on point," the PCR court in this case did "not elaborate further with regard to the many cases that apply to the applicability or non-applicability of summary judgment" but found Schmidt's PCR application was subject to summary dismissal.

Schmidt appeals, challenging this court's holding in *Walters* and the PCR court's reliance upon it. However, upon our review, we find the analysis and reasoning in *Walters* to be spot-on. Applying that analysis and reasoning here without further repeating it, we agree with the PCR court that because Schmidt's convictions were entered following his guilty pleas, he cannot challenge those convictions in a PCR action on the basis of newly discovered evidence in the form of his victim's alleged recantation.

**AFFIRMED.**