# IN THE COURT OF APPEALS OF IOWA

No. 16-1681
Filed June 21, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY DEAN BELL SR.,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Scott County, Henry W. Latham II (plea) and Mark R. Lawson (motion in arrest of judgment), Judges.

    The defendant appeals from the district court's denial of his motion in arrest of judgment following his guilty plea to one count of failure to comply with sex offender registry requirements, second offense, as an habitual offender. **AFFIRMED.**

    Lauren M. Phelps, Davenport, for appellant.

    Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

    Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Larry Bell Sr. appeals from the district court's denial of his motion in arrest of judgment following his guilty plea to one count of failure to comply with sex offender registry requirements, second offense, as an habitual offender. Bell maintains his trial counsel coerced him into pleading guilty; he argues the record makes it clear his plea was not voluntary and, thus, the court abused its discretion in denying his motion in arrest of judgment.[1]

"We review a trial court's decision to grant or deny a request to withdraw a guilty plea for abuse of discretion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998). "The refusal to allow withdrawal will be upheld 'where "a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear of persuasion."'" *Id.* (citations omitted).

At the hearing on the motion in arrest of judgment, Bell told the court he wanted to withdraw his guilty plea because:

> I was forced into that. I was actually threatened by my previous attorney. Put his finger in my face and yelled at me.
> And at the beginning, in front of another judge—I don't know his name—judge stopped the case because I was advised to plead guilty to anything the judge said I was supposed to agree with it. And after three or four I disagreed and the judge said he couldn't sentence me like this so we took a break.

---

[1] On appeal, Bell mentions in passing other reasons the court should have granted his request to withdraw his guilty plea, claiming the court should have inquired into his competency during the plea proceeding and there was not a factual basis to support his plea regarding the habitual offender enhancement. But these issues were not raised in the motion in arrest of judgment or at the hearing on the motion, and the district court has not ruled on them. Additionally, these issues have not been raised under the ineffective-assistance framework on appeal. As such, they are not properly before us for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

> And during the break, the recess, my attorney got in my face and threatening and telling me—and told me trust him. That I would go home today. And he lied to me said you will go home today with unsupervised probation. Just go along with anything the judge says.

The State responded that the transcript from the plea proceeding indicates Bell was asked by the court, "Other than this plea agreement, have there been any promises made or is anyone forcing you or threatening you to make you come forward to enter this guilty plea?" and Bell had responded, "No, sir."

The court then reviewed the transcript from the plea proceedings before issuing a verbal ruling denying Bell's motion in arrest of judgment. In doing so, the court noted there was no break in the plea proceedings—in marked contrast to Bell's claim. Additionally, the plea-proceeding court had advised Bell he could stop the plea proceedings at any time, which Bell had not done, and had asked Bell if he was satisfied with the work of his trial attorney, and Bell agreed he was.

On appeal, Bell maintains the transcript shows he was coached on his responses. Bell points out that when the court asked him to tell in his own words what made him guilty of the offense, he first responded by telling the court about a different pending charge, stating:

> It was a form of protesting. I was protesting when I committed this offense, of racial hiring practices and a violation of affirmative action, I believe. I was protesting in front of—oh, sorry. I'm sorry, Your Honor. There's two parts to this. I was answering the wrong part of it. Sorry. Can I start over?

The court responded that he could, and Bell then stated, "Yeah, I was told—I was advised by the Court to register and I failed to register. I'm sorry."

We agree that Bell's statements to the court show some confusion, but we note that Bell was entering a guilty plea as part of a plea agreement that covered

two separate cases—the case involving Bell's failure to comply with the sex offender registry requirements (FECR371119) and the case involving six counts of indecent exposure (SRCR367430).[2] Bell was right insofar as there were "two parts" to the plea agreement; he was just momentarily confused as to what part the court was handling at that time, which is clear because he responded by explaining his understanding of the indecent exposure charge. We are not convinced this slight lapse is enough to find his guilty plea was involuntary. Additionally, we agree with the district court that the transcript of the plea proceedings belies Bell's claims that his attorney coerced him into pleading guilty; the transcript does not corroborate Bell's claims that he disagreed with the judge, that the disagreement resulted in the judge saying he could not "sentence him" like this, or that a break of any kind was taken when the attorney would have threatened Bell into pleading guilty. Based on this record, we cannot say the district court abused its discretion in denying Bell's motion for arrest of judgment.[3]

Bell also raises other additional claims. He mentions a separate motion in arrest of judgment filed by his trial counsel, which indicated Bell should be allowed to withdraw his guilty plea because the State had agreed to take "no position" on whether the court should release Bell after his guilty plea while sentencing was pending but then had objected to Bell's release at the plea

---

[2] As part of the agreement, Bell pled guilty to only one count of indecent exposure and the other five counts were dismissed; this occurred in a separate proceeding not including the failure-to-register charge. Bell's defense to those charges involved his protest against racial discrimination.

[3] We note Bell entered into the plea agreement with the State on March 15, 2016. The same day, the court scheduled the March 25 plea proceeding, and Bell did in fact enter his guilty plea on March 25. We have no record that a different plea proceeding was ever scheduled or took place in this case.

proceeding. This motion in arrest of judgment was never set for hearing, and the district court did not rule on it. We will not now consider for the first time Bell's claim that the State breached the plea agreement. *See Meier*, 641 N.W.2d at 537.

Bell indicates he has several claims of ineffective assistance involving his trial counsel and his substitute trial counsel but notes the record is not adequate for us to review the claims at this time. He asks that we preserve them for possible future postconviction-relief proceedings. His ineffective-assistance claims are preserved. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (noting Iowa Code section 814.7 allows a defendant "to forego raising his ineffective-assistance-of-counsel claim on direct appeal" and requires us to "preserve the issue of trial counsel's ineffective assistance" for a postconviction-relief proceeding).

Insofar as Bell's handwritten pro se brief alleges ineffective assistance of his trial counsel and his substitute trial counsel, those claims are preserved for further development of the record.[4] *See id.* We are unable to review any other claims made by Bell; some of his concerns seem to involve a different criminal conviction than the one presently before us on appeal. Additionally, he has not cited any authority for his claims, and "[w]e do not utilize a deferential standard when persons choose to represent themselves." *Kubik v. Burk*, 540 N.W.2d 60,

---

[4] Bell filed a second pro se brief May 22, 2017. The second brief is untimely, and we did not consider it. *See* Iowa R. App. P. 6.901(2)(a) (stating criminal defendants may "submit a pro se supplemental brief or designation of appendix to the clerk of court within fifteen says after service of their proof brief filed by their counsel. . . . Any pro se supplemental brief or designation submitted beyond this period by a properly served defendant, applicant, or respondent will not be considered by the court and no response by the State will be allowed.").

63 (Iowa Ct. App. 1995); *see also* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

We affirm.

**AFFIRMED.**