**IN THE COURT OF APPEALS OF IOWA**

No. 16-1387
Filed July 6, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FELIX GOMEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly (guilty plea) and Carla T. Schemmel (sentencing), Judges.

A defendant appeals two felony convictions. **AFFIRMED.**

Karmen R. Anderson of The Law Office of Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

Worried about losing his parental rights while he served time in prison, Felix Gomez filed a motion in arrest of judgment asking to withdraw his guilty pleas to two felonies. The district court found no legal basis for the motion and denied his request. On appeal, Gomez asks us to reverse the district court and allow him to withdraw his pleas. Because Gomez's concerns about his parental rights are collateral to the plea process, we find no abuse of discretion in the district court's denial of his motion in arrest of judgment.

The State charged Gomez with second-offense failure to comply with the sex offender registry, a class "D" felony, in violation of Iowa Code section 692A.111 (2016), and third-offense domestic abuse assault, a class "D" felony, in violation of sections 708.1(2) and 708.2A(4). On June 22, 2016, Gomez pleaded guilty to the two felony offenses in exchange for the State dismissing misdemeanor charges of driving while barred and interference with official acts. The plea agreement included a recommendation for consecutive sentences. Gomez also was advised the domestic-abuse conviction carried a one-year mandatory minimum before he was eligible for parole.

On July 19, 2016, Gomez filed a motion in arrest of judgment.[1] The motion stated:

> The Defendant now wishes to be allowed to withdraw his former plea of guilty on the grounds that he believes the plea of guilty entered in these cases will adversely affect him in pending and future DHS matters and this was not something he had taken into consideration at the time of the plea.

---

[1] The motion asserted Gomez was acting "pro se but with the assistance of counsel" in seeking to withdraw his guilty pleas.

At a hearing on August 2, 2016, Gomez expanded on his motivation to file the motion in arrest of judgment, telling the court his wife—who was the victim in the assault conviction—gave birth to their daughter just a day earlier and Gomez was concerned the "one-year mandatory" would result in him losing his parental rights. The district court denied the motion in arrest of judgment and proceeded to sentencing, telling Gomez: "[T]o attack your plea there has to be a legal reason. And while you have given me emotional reasons, they are not legal reasons." The court then imposed consecutive sentences, for an indeterminate ten-year term, in accord with the plea agreement.

On appeal, Gomez challenges the district court's denial of his motion in arrest of judgment and generally contends he received ineffective assistance from his plea counsel. On his first claim, we review the district court's denial of a motion in arrest of judgment and a motion to withdraw a plea for abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). On the second claim, if Gomez had adequately pinpointed an alleged instance of ineffective assistance of plea counsel, our review would be de novo. *See State v. Nall*, 894 N.W.2d 514, 517 (Iowa 2017). The burden rests with Gomez to establish his attorney failed to perform an essential duty and prejudice resulted from such failure. *See State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011).

We turn first to the denial of Gomez's motion in arrest of judgment.[2] Gomez does not dispute the district court "painstakingly followed" Iowa Rule of Criminal Procedure 2.8(2)(b) before accepting his guilty pleas. But he contends

---

[2] "A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion shall be granted when upon the whole record no legal judgment can be pronounced." Iowa R. Crim. P. 2.24(3)(a).

the impact of his incarceration on his ability to maintain his parental rights was a "term of the plea agreement that would have affected his willingness to enter the plea and the term was not disclosed to him." More specifically, he claims: "Subsequent to the plea, Gomez learned that during his one-year mandatory incarceration, the Iowa Department of Corrections would not allow Department of Human Services (DHS) reasonable efforts visitation with his offspring."[3]

The district court did not abuse its discretion in denying the motion in arrest of judgment. Gomez fails to identify any real flaw in the plea proceedings. The district court properly advised Gomez regarding the direct consequences of his guilty pleas; the negative impact of incarceration on Gomez's prospects for maintaining his parental rights was a collateral consequence. *See Saadiq v. State*, 387 N.W.2d 315, 325 (Iowa 1986) (reiterating distinction between direct and collateral consequences of a guilty plea). We have recognized "a parent's imprisonment may create difficulties in providing reunification services" for the DHS. *See In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000). But such potential difficulties do not render Gomez's plea agreement unenforceable. Gomez points to no evidence showing he was misled or coerced into pleading guilty. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (upholding denial of motion in arrest of judgment because record supported court's finding that plea was voluntary).

---

[3] Gomez fails to cite any support in the record for this factual allegation. At the August 2 hearing, Gomez and his counsel discussed whether he would have immediate access to classes on parenting and domestic abuse while in prison but did not mention visitation with his daughter. The assistant county attorney told the district court: "Just because he has a mandatory time that he has to serve, doesn't mean he can't apply for . . . programming. That is not part of this particular plea agreement. I'm not trying to keep him from seeing any children." Before imposing sentence, the district court explained it did not oversee prison programming.

We next turn to Gomez's generic claim of ineffective assistance of counsel. Nowhere in his appellant's brief does he identify how his plea counsel breached a material duty or how Gomez was prejudiced. "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). A defendant must "state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Id*. Gomez does not frame his complaint with enough specificity for us to resolve it on direct appeal. Under Iowa Code section 814.7, Gomez may seek determination of a claim of ineffective assistance of counsel by filing an application for postconviction relief.

**AFFIRMED.**