# IN THE COURT OF APPEALS OF IOWA

No. 19-0091
Filed February 19, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM J. KIRCHNER JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown (guilty plea) and Mark E. Kruse (sentencing), Judges.

William Kirchner Jr. appeals after pleading guilty to possession of a firearm by a felon and possession of a controlled substance, third offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

William Kirchner Jr. pled guilty to possession of a firearm by a felon and possession of a controlled substance, third offense. On direct appeal, he challenges the knowing and voluntary nature of his pleas and contends he received ineffective assistance of counsel.[1] He also contends the district court abused its discretion in refusing to allow him to withdraw his pleas.

**I. Knowing and Voluntary Nature of the Pleas.**

We first address Kirchner's claim that his pleas were not knowing and voluntary. To ensure a plea is knowing and voluntary, Iowa Rule of Criminal Procedure 2.8(2)(b) lists the criteria the court must inform a defendant of and ensures the defendant's understanding. *See State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001) (stating that failure to substantially comply with the rule renders a plea involuntary). Kirchner claims the court failed to inform him of the nature of the controlled-substance charge as required by rule 2.8(2)(b)(1) because the court never informed him the State must prove possession without a valid prescription. He also claims the court failed to inform him of the mandatory minimum and maximum possible punishment as required by rule 2.8(2)(b)(2) because it never informed him of the applicable surcharges or a forty-eight-hour minimum sentence.

But this appeal presents an error-preservation concern. Kirchner filed his motion in arrest of judgment more than forty-five days after pleading guilty, making

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019), limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Likewise, it held that amendments to Iowa Code section 814.7, which prohibit consideration of ineffective-assistance-of counsel claims on direct appeal, do not apply to cases pending on July 1, 2019. *See id.*

it untimely. *See* Iowa R. Crim. P. 2.24(3)(b) ("The motion must be made not later than 45 days after plea of guilty . . . , but in any case not later than five days before the date set for pronouncing judgment."). Ordinarily, this would bar him from challenging the adequacy of the plea proceedings on appeal. *See* Iowa R. Crim. P. 2.24(3)(a). But Kirchner argues that his appeal falls under an exception to the rule because the court did not properly advise him of the consequences of failing to file a motion in arrest of judgment, as required by rule 2.8(2)(d). *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (noting the rule does not apply if the court fails to inform the defendant of the requirement during the plea proceeding). For the reasons below, we disagree.

At the plea hearing, the court told Kirchner "that if for any reason you want to challenge these guilty pleas, you have to do it before you're sentenced or you lose your chance to appeal." The court then stated,

> If you think there was a defect in the pleas today, you have to bring it up in a motion in arrest of judgment. If you want to file a motion in arrest of judgment, it has to be filed within 45 days of today's date but in no case fewer than 5 days before the date for sentencing.

Kirchner argues the court failed to connect the requirement for preserving an appeal with the requirement that he move in arrest of judgment. Reading the statements in isolation, he argues the court only stated that he had to challenge his pleas before sentencing in order to appeal. But read together, the court informed Kirchner that (1) he had to challenge his pleas before sentencing to preserve an appeal and (2) the means for challenging his pleas was by moving in arrest of judgment. The court then offered a more definitive timeline on when Kirchner needed to move in arrest of judgment. When read in context, the court's

statement substantially complied with the requirements of rule 2.8(2)(d). *See id.* at 681 (employing a substantial compliance standard to determine whether the trial court has discharged its duty under rule 2.8(2)(d)). Because the court adequately advised Kirchner of his need to file a timely motion in arrest of judgment to challenge his pleas and he failed to do so, he cannot challenge the voluntariness of his pleas on direct appeal.[2]

## II. Ineffective Assistance of Counsel.

Kirchner also claims that he received ineffective assistance of counsel, which provides another exception to our error preservation rules. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We review this claim de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Kirchner must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). But if Kirchner can show no factual basis exists for his plea, his counsel breached a duty by allowing him to plead guilty and we presume prejudice. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty. It is well-settled

---

[2] In the alternative, Kirchner asks that we invalidate his plea under the plain error rule. But our supreme court has stated, "We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point." *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999). This pronouncement binds us. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."); *State v. Hughes*, 457 N.W.2d 25, 28 (Iowa Ct. App. 1990) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves." (citation omitted)).

law that under these circumstances, we presume prejudice." (internal citation omitted)).

Kirchner claims there is no factual basis to support his plea to possession of a controlled substance because the record does not show he lacked a valid prescription for the methamphetamine he possessed. *See* Iowa Code § 124.401(5) (stating it is unlawful to knowingly or intentionally possess a controlled substance "unless such substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner"). But a valid prescription is an affirmative defense to possession, not an element of the offense. *See State v. Gibbs*, 239 N.W.2d 866, 869 (Iowa 1976) (stating that unless a defendant introduces evidence to show a valid prescription exists, the State need not assume the burden of negating the exception). Counsel did not breach a duty by failing to move in arrest of judgment challenging the factual basis for the possession-of-a-controlled-substance charge. Kirchner's ineffective-assistance claim fails.

**III. Motion to Withdraw.**

Finally, Kirchner contends the district court erred by refusing to allow him to withdraw his pleas. *See* Iowa R. Crim. P. 2.8(2)(a) (stating that the court may permit a defendant to withdraw a guilty plea at any time before judgment). We review the denial for an abuse of discretion. *See State v. Matty*, 573 N.W.2d 594, 596 (Iowa 1998). The court abuses its discretion when it exercises it on untenable grounds or reasons or to an unreasonable extent. *See id.* We will affirm the refusal to allow a defendant to withdraw a plea if a defendant had full knowledge of the charge, the rights afforded by law, and the consequences of entering the plea and did so "understandably and without fear or persuasion." *Id.* (citation omitted).

Kirchner wrote to the court one week before sentencing, claiming he was not guilty of possession of a firearm and asking to withdraw his plea. Kirchner alleged he "was not in the right state of mind when [he] was coaxed into entering a guilty plea" and "was under the influence of illegal drugs at the time [he] was in the courtroom entering" his pleas. He reiterated those claims at the start of the sentencing hearing. But the record belies these claims. At the plea hearing, Kirchner told the court it was his decision to plead guilty, no one pressured or forced him to do so, he was not under the influence of medication, and his ability to understand was in no way limited by medical problems. He denied being under the influence of drugs or alcohol. And his attorney stated his belief that Kirchner was coherent and understood the issues and consequences of pleading guilty. On this record, the court was within its discretion to deny Kirchner's request to withdraw his guilty plea.

Finding no merit to his arguments on appeal, we affirm Kirchner's convictions for possession of a firearm by a felon and possession of a controlled substance, third offense.

**AFFIRMED.**