# IN THE COURT OF APPEALS OF IOWA

No. 19-1039
Filed March 18, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ANTOINE J. ALLEN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Clinton County, Patrick A. McElyea,

Judge.


     Antoine Allen appeals the denial of his motion in arrest of judgment after

pleading guilty to one count of second-degree robbery.  **AFFIRMED.**


     Lauren M. Phelps, Hudson, Florida, for appellant.

     Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


     Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Antoine Allen pled guilty to one count of second-degree robbery. Before sentencing, he filed a pro se motion asking to "retract" from the plea agreement. The court treated it as a motion in arrest of judgment and denied it after a hearing. Allen challenges the denial on direct appeal, claiming he did not enter his plea knowingly or voluntarily.

We review the district court's denial of Allen's motion for an abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). An abuse of discretion occurs when the court exercises its discretion on untenable or unreasonable grounds. *See id.* We will affirm the court's refusal to allow Allen to withdraw his plea if Allen understood the charge, the rights afforded by law, and the consequences of entering the plea and did so "understandably and without fear or persuasion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998) (citation omitted).

Iowa Rule of Criminal Procedure 2.8(2)(b) sets out what the district court must do to ensure a defendant enters a plea knowingly, voluntarily, and intelligently. *See State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). For instance, the court must inform the defendant of and ensure the defendant understands the plea, the mandatory minimum and maximum possible punishment, and the rights waived by pleading guilty. *See* Iowa R. Crim. P. 2.8(2)(b). The record shows the court substantially complied with these requirements. *See Meron*, 675 N.W.2d at 542 (requiring substantial compliance with the rule).

Allen argues his plea was not knowing and voluntary because he misunderstood the plea agreement. He claims that he believed the agreement

provided his sentence would run concurrent to another and he would not be facing charges in a third case when the agreement did not include either provision. A misunderstanding over the plea agreement may be the basis for withdrawing a guilty plea if the district court fails to ask the defendant about it during the plea hearing. *See Wallace v. State*, 245 N.W.2d 325, 327-28 (Iowa 1976) (noting that asking a defendant about the plea bargain when the defendant enters the plea discloses any confusion on the part of the defendant or elicits responses that make it impossible for the defendant to claim confusion on appeal). But the court read the written memorandum of the plea agreement that Allen signed and asked if it was his understanding of the plea agreement; Allen answered, "Yes, sir." The court asked if anyone made promises or threats to induce his plea or made promises or predictions about the court's sentence; Allen agreed no one had. The court did not materially misstate the plea agreement. *See State v. Philo*, 697 N.W.2d 481, 489 (Iowa 2005) (noting a defendant's plea is not voluntary if the court makes material misstatements that induce a defendant to plead guilty without correcting them). On this record, the district court properly exercised its discretion in denying Allen's motion.

**AFFIRMED.**