# IN THE COURT OF APPEALS OF IOWA

No. 21-0906
Filed August 31, 2022

**DUSTIN McDANEL,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Shawn R. Showers,

Judge.

Dustin McDanel appeals the denial of his application for postconviction

relief. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Greer, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**GAMBLE, Senior Judge.**

Dustin McDanel appeals the denial of his application for postconviction relief (PCR). He contends defense counsel coerced him into taking a plea deal, making his plea involuntary. We affirm.

**I. Background Facts & Prior Proceedings**

In 2015, the State charged McDanel with first-degree murder, flight to avoid prosecution as a habitual offender, and felon in possession of a firearm as a habitual offender. The State alleged McDanel shot and killed Roger Wiseman Jr. after confronting Wiseman about someone ransoming McDanel's dog. McDanel intended to claim self-defense. So he rejected a plea offer from the State. But his trial counsel did not believe the court's pre-trial rulings were favorable towards the defense. So trial counsel "literally begged" the prosecutor to offer the plea deal again.[1] Trial counsel urged McDanel to take the plea deal given the adverse pre-trial rulings and flaws in their self-defense claim. For example, prior to the confrontation between McDanel and Wiseman, McDanel sent a message saying he found his dog and was "going to shoot" someone—and then he shot the unarmed Wisemen five times (calling into question McDanel's self-defense claim).

McDanel ultimately took the plea deal and pleaded guilty to voluntary manslaughter as a habitual offender, flight to avoid prosecution as a habitual offender, felon in possession of a firearm as a habitual offender, and attempted murder. He did not file a motion in arrest of judgment. At sentencing, McDanel

---

[1] At that point, the parties had already selected a jury.

received a seventy-year sentence with a twenty-six-and-a-half-year mandatory minimum. McDanel never filed a direct appeal.

McDanel brought this PCR action in 2017, alleging he received ineffective assistance of counsel for a number of reasons. The matter proceeded to trial where one of McDanel's two trial attorneys testified and a deposition of the other trial attorney was admitted into evidence. McDanel did not testify. The PCR court concluded McDanel failed to establish his claim and denied his application.

McDanel appeals.

## II. Standard of Review

PCR actions are normally reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But because ineffective-assistance claims take on a constitutional dimension, our review is de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Discussion

To prevail on his ineffective-assistance-of-counsel claim, McDanel "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (citation omitted). "Both elements must be proven by a preponderance of the evidence." *Ledezema v. State*, 626 N.W.2d 134, 142 (Iowa 2001). The first element is satisfied when the applicant demonstrates counsel breached an essential duty because they "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the [applicant] by the Sixth Amendment." *State v. Warren*, 955 N.W.2d 848, 859 (Iowa 2021) (citation omitted). "We presume counsel acted competently but that presumption is

overcome 'if we find [an applicant] has proved [their] counsel's performance fell below the normal range of competency.'" *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (citation omitted). "Prejudice occurs if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted).

On appeal, McDanel limits his ineffective-assistance claim to argue his plea was involuntary because counsel urged him to accept the plea based on counsel's "legal advice that was improperly influenced by [counsel's] personal perception that rulings by the district court [were] questionable, biased in favor of the prosecution" and "[d]ue to his personal anger with the court, counsel began to allow his state of mind toward the district court motivate his decision-making and counsel move from competent trial strategy."[2]

On our review, we conclude counsel did not breach an essential duty in advising McDanel to accept the plea offer. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (concluding a defendant's plea was not involuntary even if counsel persuaded a reluctant defendant to accept a plea offer and noting the difference in possible sentences for the charged offense and plea offer). As the State points out, counsel assessed the situation (including the court's pre-trial rulings and underlying facts) and "made a reasonable professional judgment that taking [the] plea deal would further McDanel's interest in avoiding the severe punishment that would accompany a conviction for first-degree murder." *See*

---

[2] McDanel raised several other claims of ineffective assistance of counsel in the PCR court, but he does not raise those claims on appeal. So we need not address them.

*Ledezema*, 626 N.W.2d at 143 ("Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel."). We are not convinced McDanel's decision to plead guilty was influenced by his attorney's frustration with the trial court. Moreover, McDanel was also represented by another attorney who was lead counsel for the defense and did not express animus towards the trial court. And that attorney also advised McDanel to take the plea offer based on the unfavorable facts of the case and the opportunity to avoid life in prison. So McDanel was counseled by two attorneys who assessed the facts and applicable law and thought he was best served by accepting the plea offer. This is precisely the type of assessment we expect trial attorneys to do before advising clients on the pros and cons of a plea offer.

Further, McDanel failed to prove prejudice. McDanel risked the harsh reality of a potential sentence of life without parole if he took the case to trial while his plea agreement afforded him the possibility of parole upon completion of his mandatory minimum sentence. *See State v. Shelton*, No. 08-1292, 2009 WL 1219328, at *3 (Iowa Ct. App. 2009) (rejecting a defendant's contention that he would have insisted on going to trial when his possible sentence would have been more substantially more significant than he received through a plea agreement). McDanel failed to prove that but for his lawyer's anger at the judge there is a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *See Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995) (rejecting an applicant's contention that he was prejudiced because his plea was not fully informed when he had failed to establish a reasonable probability that he would have otherwise rejected the plea offer and insisted on going to trial).

Therefore, we conclude counsels' legal advice to take the plea offer to avoid a possible life sentence was competent and did not render McDanel's plea involuntary.

**AFFIRMED.**